UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNIE R. IRVING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:21-cv-506- RLW |
| | ) |
| DIERBERGS MARKETS, INC., | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motions to Strike Plaintiff's responses to Defendant's Motions for Summary Judgment. Because Plaintiff's responses are not pleadings, the Court will deny Defendant's Motions to Strike.

## **Background**

On June 20, 2022, Defendant Dierbergs Markets, Inc. filed its Motion for Summary Judgment. (ECF No. 44). On October 20, 2022, Plaintiff filed her opposition to Defendant's Motion for Summary Judgment. (ECF No. 59). On October 24, 2022, Defendant filed its Motion to Strike Plaintiff's Response and Exhibits Filed in Opposition to its Motion for Summary Judgment (ECF No. 60). The Court then gave Plaintiff until November 30, 2022 to respond to Defendant's Motion to Strike. (ECF No. 61). On or around November 29, 2022, Plaintiff filed a Declaration of Facts in Response to Defendant's Motion to Dismiss (ECF No. 63). On December 1, 2022, Defendant filed a Motion to Strike Plaintiff's "Declaration of Facts in Response to Defendant's Motion to Dismiss" (ECF No. 65).

1

**Standard of Review**

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Fed. R. Civ. P. 7(a), a pleading includes a complaint, an answer to a complaint, counterclaim, or crossclaim, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer. "Motions to strike are generally disfavored 'because they are often interposed to create a delay.'" *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011) (quoting *Van Schouwen v. Connaught Corp.,* 782 F.Supp. 1240, 1245 (N.D. Ill. 1991); *see also Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleading is an extreme measure, and, as a result, we have previously held that '[m]otions to strike ... are viewed with disfavor and are infrequently granted.'") (second alteration in original) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

**Discussion**

The documents in opposition to summary judgment which Defendants seek to strike are not pleadings as contemplated by the Federal Rules of Civil Procedure, and therefore, the Motion to Strike is improper under Rule 12(f). *Adams v. City of Cedar Rapids, Iowa*, No. 21-CV-53-MAR, 2022 WL 16572036, at *16 (N.D. Iowa Oct. 19, 2022); *Jones v. Dolgencorp, Inc.*, 789 F.Supp.2d 1090 (N.D. Iowa 2011).  Indeed, the case law cited by Defendant does not support dismissal of this action.  *See* ECF No. 65 at 4 (citing *Warren v. City of Wentzville*, No. 4:09CV1330 JCH, 2010 WL 3362721, at *1, n.1 (E.D. Mo. Aug. 25, 2010); *Walton v. Bilinski*, No. 2:15 CV 36 CDP, 2018 WL 782990, at *1 (E.D. Mo. Feb. 8, 2018)).  In those cases, the Court did not strike oppositions to summary judgment, but deemed facts admitted where the party opposing summary judgement

did not properly controvert them. *See Warren*, 2010 WL 3362721, at *1 (citing *Turner v. Shinseki,* 2010 WL 2555114 at *2 (E.D. Mo. Jun. 22, 2010); *Ridpath v. Pederson,* 407 F.3d 934, 936 (8th Cir. 2005)) ("Plaintiffs thus have not met their burden under Local Rule 4.01(E), and they are deemed to have admitted Defendants' Uncontroverted Material Facts in their entirety."); *Walton*, 2018 WL 782990, at *1 ("Specifically, although Bilinski properly submitted a statement of uncontroverted material facts, Walton failed to respond to or controvert the facts numbered 101-186. Accordingly, pursuant to Local Rule 4.01(E), Walton is deemed to have admitted facts 101-186."). Thus, the Court finds Defendant cannot seek relief under Fed. R. Civ. P. 12(f) and denies its Motions to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Response and Exhibits Filed in Opposition to its Motion for Summary Judgment (ECF No. 60) and Defendant's Motion to Strike Plaintiff's "Declaration of Facts in Response to Defendant's Motion to Dismiss" (ECF No. 65) are **DENIED**. Defendant shall file its reply in support of its Motion for Summary Judgment no later than December 30, 2022.

Dated this 16th day of December, 2022

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**